IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **J&T CHIROPRACTIC, PLLC**, a/k/a **J&T CHIROPRACTIC, LLC**, | § § § § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | CAUSE NO. 4:22-CV-03285 |
| **T&C CHIROPRACTIC, LLC**, f/k/a **T&C CHIROPRACTIC, PLLC**, and **THY NGOC NGUYEN**, | | |
| *Defendants*. | | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS UNDER RULE 12(b)(6) OR FOR
MORE DEFINITE STATEMETN UNDER RULE 12(e)**

Defendants' Motion to Dismiss relies on a patent misreading of the Copyright Act and asks the Court to make a stunning holding: That advertisements are not entitled to copyright protection in the United States. Plaintiff has pled a viable claim for copyright infringement that easily meets the "notice pleading" standards of Federal Rule of Civil Procedure 8(b). Defendants' motion should be denied.[1]

## I. Factual Background

Plaintiff J&T Chiropractic, PLLC a/k/a J&T Chiropractic, LLC ("J&T"), operates a successful chiropractic practice in the Houston metropolitan area. (Orig. Compl. [Dkt. # 1] ¶ 7.) J&T serves a variety of patients including individuals injured in automobiles and other accidents. (*Id.*)

J&T utilizes a variety of methods to market its practice including through the distribution

---

[1] The parties have consented to referral of this matter to the magistrate judge. (*See* JD/CMP [Dkt. # 9], at 5 ¶ 16.)

of a marketing flier (the "Infringed Work") that touts J&T's services, specialties, and referral network and which identifies its contact information and locations. (*Id.* ¶ 8; *see* Exh. A: Infringed Work (produced to Defendants on October 9, 2022, under production number J&T_00004).) The flier was developed by a J&T employee with specialized training and expertise in photography and graphic design. ((Orig. Compl. [Dkt. # 1] ¶ 8.) The employee spent many hours developing and perfecting the flier for J&T. (*Id.*) The electronic file containing the flier is maintained on a secure, password-protected server controlled by J&T. (*Id.*)

Copies of the flier have been and continue to be distributed by J&T throughout the Houston metropolitan area, including to law firms and other places where individuals in need of chiropractic treatment congregate. (*Id.* ¶ 10.)

In November 2021, Thy Ngoc Nguyen, one of the two then-members of J&T, left the company and opened his own practice, Defendant T&C Chiropractic, LLC f/k/a T&C Chiropractic, PLLC ("T&C"). (*Id.* ¶ 11.) Despite having no right to J&T's valuable intellectual property or authorization to use it, T&C, at the direction of Nguyen, copied J&T's marketing flier in its entirety, only replacing "J&T" with "T&C" and updating the contact information, made multiple copies of the infringing work, and distributed those copies to the public. (*Id.*; *see* Exh, B: Infringing Work (produced to Defendants on October 9, 2022, under production number J&T_00005).)

In June 2022, J&T tendered correspondence to T&C and Nguyen demanding that T&C and Nguyen immediately cease and desist its infringement of J&T's copyright, destroy all copies of the infringing work, and provide J&T a detailed description of all acts of infringement. (Orig. Compl. [Dkt. # 1] ¶ 12.) Rather than comply, T&C offered the cursory response that it was not infringing J&T's "service mark." (*Id.*) T&C then edited the infringing flier to add additional

contact information for T&C, made multiple copies of the new infringing work, and distributed those copies to the public, and continues to distribute such copies today. (*Id.*)

J&T holds a copyright registration for the Infringed Work under Registration No. TX 9-167-986, issued on June 16, 2022. (*Id.* ¶ 15.) Unable to secure T&C's voluntary compliance with the Copyright Act, J&T filed suit in September 2022 and asserted a claim for copyright infringement and willful infringement of it registered marketing flier under Sections 106, 501, and 502(c)(2) of the Copyright Act, 17 U.S.C. §§ 106, 501, 504(c)(2). (*Id.* ¶ 18.)

On October 9, 2022, J&T, T&C, and Nguyen filed their Joint Discovery/Case Management Plan. (JD/CMP [Dkt. # 9].) T&C and Nguyen had no difficulty identifying "the subjects on which discovery may be needed," listing "the creation and ownership of the Infringed Work, the creation and dissemination of the Infringing Work, the scope of copyright protection claims, and damages claimed." (*Id.*, at 3 ¶ 9(A)(B).) T&C and Nguyen stated their intention to serve interrogatories on J&T and depose J&T's corporate representative. (*Id.*, at 4 ¶¶ 9(C), (E).) T&C and Nguyen identified no disagreements regarding the parties' discovery plan except for the amount of time they believed should be devoted to discovery. (*Id.*, at 5 ¶¶ 10, 12.)

T&C and Nguyen now move to dismiss, arguing that the Copyright Act does not protect advertisements or, alternatively, that J&T's Complaint is hopelessly vague and must be repleaded.

## II.    Standard of Law

**A.    Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted." *Lebeouf v. Manning*, 575 F. App'x 374, 375–76 (5th Cir. 2014) (per curiam) (quoting *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011)). This is true even "when actual proof of the facts is improbable and recovery is unlikely." *Id.* (citing *Leal v. McHugh*, 731 F.3d 405, 413 (5th Cir.

3

2013)).

"[A] plaintiff is not required to plead a *prima facia* case of its claim in order to survive a 12(b)(6) motion to dismiss." *Arrendondo v. Gulf Bend Ctr.*, No. H-06-1580, 2006 U.S. Dist. LEXIS 107773, at *3 (S.D. Tex. Aug. 2, 2006) (citing *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 515 (2002)). "Rather, the complaint 'must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Id.* (citing *Swierkiewicz*, 534 U.S. at 512). "In order to survive a motion to dismiss[, a] plaintiff need only include 'a short plain statement of the claim showing that [he] is entitled to relief." *Id.* (citing *Swierkiewicz*, 534 U.S. st 508). "A plaintiff typically is not required to plead, in the complaint, facts that negate an affirmative defense." *Jaso v. Coca Cola Co.*, 435 F. App'x 346, 351 (5th Cir. 2011) (per curiam) (citation omitted).

Thus, the Court may not grant a motion to dismiss unless it appears beyond doubt that a plaintiff is unable to prove any facts entitling him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). If a pleading alleges relief on any possible theory or claim, dismissal is inappropriate. *See Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994).

In evaluating a motion under Rule 12(b)(6), the Court "must accept all well-pleaded facts as true, considering them, and the inferences to be drawn therefrom, in the light most favorable to the plaintiff." *Lebeouf*, 575 F. App'x at 376 (citing *Leal*, 731 F.3d at 410). Although the court "do[es] not typically consider material outside of the pleadings when ruling on a Rule 12(b)(6) motion, the works at issue in copyright disputes are 'central' to the plaintiff's claim and therefore may be considered." *Vallery v. Am. Girl, LLC*, 697 F. App'x 821, 823 (5th Cir. 2017) (per curiam) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F. 3d 496, 498–99 (5th Cir. 2000)).

4

B.      **Motion for More Definite Statement**

The "notice pleading" standards of the Federal Rules of Civil Procedure are well-settled. The Rules do not require a plaintiff's complaint to set out in detail acts upon which she bases her claim; all that is required is "a short and plain statement" that will give the defendant fair notice of the claim and the grounds upon which it rests. *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled in part*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007); *see also* FED. R. CIV. P. 8(a)(2).

When a complaint is so "unintelligible that the court cannot 'make out one or more potentially viable legal theories,' and is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to itself,'" a defendant may seek a more definite statement under Rule 12(e). *DeWolff, Boberg & Assocs. v. Pethick*, No. 3:20-CV-3649-L, 2022 WL 4589161, 2022 U.S. Dist. LEXIS 177058, at **5–6 (N.D. Tex. Sept. 29, 2022) (quoting *Sefton v. Jew*, 204 F.R.D. 104, 106 (W.D. Tex. 2000)). But "[g]iven the liberal pleading standard set forth in Rule 8, Rule 12(e) motions are disfavored." *Joseph v. Evonik Corp.*, No. 22-1530, 2022 WL ____, 2022 U.S. Dist. LEXIS 201078, at *31 (E.D. La. Nov. 4, 2022) (citing *Mitchell v. E—Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir.1959)); *see also Philips N. Am. LLC v. Image Tech. Consulting, LLC*, No. 3:22-CV-0147, 2022 WL 2972226, 2022 U.S. Dist. LEXIS 133234, at *9 (N.D. Tex. July 26, 2022) ("Rule 12(e) should not be used . . . [to] requir[e] a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss.") (citation omitted).

"When a respondent complains of matters that could be answered or developed through discovery, a motion for more definite statement is not warranted because Rule 12(e) is not a substitute for discovery." *DeWolff, Boberg & Assocs.*, 2022 U.S. Dist. LEXIS 177058, at *6

5

(collecting cases); *see also Johnson v. BAE Sys. Land & Armaments, LP*, No. 3:12-CV-1790, 2012 WL 5903780, 2012 U.S. Dist. LEXIS 167338, at *13 (N.D. Tex. Nov. 26, 2012) ("When a defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede his ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted."). This is especially true when "the particular information defendant is seeking is within defendant's own knowledge." *In re Complaint of Magnolia Fleet, LLC*, No. 2:22-cv-00504, 2022 WL 2986645, 2022 U.S. Dist. LEXIS 133982, at **5–6 (E.D. La. July 28, 2022) (citation omitted).

A motion for more definite statement "must be made before filing a responsive pleading and must point out the defects complained of and the details desired." FED. R. CIV. P. 12(e). A Rule 12(e) motion accompanying a motion to dismiss under Rule 12(b)(6) is unlikely to be granted as a defendant's ability to articulate defects in a pleading under Rule 12(b)(6) undermines a claim that the pleadings are so unintelligible as to be unanswerable. *See, e.g.*, *DeWolff, Boberg & Assocs.*, 2022 U.S. Dist. LEXIS 177058, at *7.

### III. Argument

**A. The Copyright Act**

The Copyright Act is, at its core, quite simple: "Copyright protection subsists, in accordance with [17 U.S.C. §§101 *et seq*.], in original works of authorship fixed in any tangible medium of expression . . . ." 17 U.S.C. § 102(a). "Works of authorship include . . . pictorial, graphic, and sculptural works." *Id.* § 102(a)(5). For any work created on or after January 1, 1978, copyright protection subsists from the moment of creation. *Id.* § 302(a). "[T]he owner of copyright under [the Copyright Act] has the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies or phonorecords; (2) to prepare

6

derivative works based upon the copyrighted work; (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending . . . ." *Id.* § 106. "Anyone who violates any of the exclusive rights of the copyright owner as provided by [the Act] is an infringer of the copyright" subject to monetary and non-monetary judgment as set forth by the Act. *Id.* §§ 501(a); 502–505.

The Visual Artists Rights Act of 1990 ("VARA") amended the Copyright Act by creating a new section—17 U.S.C. § 106A—which "import[ed] a limited version of the civil-law concept of the 'moral rights of the artist' into [U.S.] intellectual-property law." *Wilson v. New Palace Casino, LLC*, No. 1:11-CV-447, 2013 U.S. Dist. LEXIS 31293, at *5 (S.D. Miss. March 7, 2013) (quoting *Kelley v. Chicago Park Dist.*, 635 F.3d 290, 291 (7th Cir. 2011)). "VARA's objective is to protect 'both the reputation of certain visual artists and the works of art they create." *Id.* (quoting H.R. Rep. No. 101-514 (1990)). "It provides these artists with the rights of 'attribution' and 'integrity.'" H.R. Rep. No. 101-514 (1990). "The former ensures that artists are correctly identified with the works of art they create, and that they are not identified with works created by others." *Id.* "The latter allows artists to protect their works against modifications and destructions that are prejudicial to their honor or reputations." *Id.*

"VARA is more limited in scope than the Copyright Act." *Wilson*, 2013 U.S. Dist. LEXIS 31293, at *13 (citing *Kelley*, 635 F.3d at 299). "VARA supplements general copyright protection; to qualify for moral rights under VARA, a work must first satisfy basic copyright standards." *Kelley*, 635 F.3d at 299. VARA's "'definition of 'work of visual art' is limited to a narrow subset of this broader universe of 'pictorial, graphic, and sculptural works' that are otherwise eligible for copyright . . . ." *Wilson*, 2013 U.S. Dist. LEXIS 31293, at *13 (quoting *Kelley*, 635 F.3d at 299); *see also* 17 U.S.C. § 106A(a) (noting that "VARA" rights are "independent of the exclusive

7

rights provided in section 106"). A "work of visual art" for purposes of Section 106A is "a painting, drawing, print, or sculpture, existing in a single copy, [or] in a limited edition of 200 copies or fewer that are signed and consecutively numbered by the author . . . or a still photographic image produced for exhibition purposes only, existing in a single copy that is signed by the author, or in a limited edition of 200 copies or fewer that are signed and consecutively numbered by the author." 17 U.S.C. § 101. "Thus, 'only a select few categories of art get the extra protection provided by the moral-rights concept.'" *Wilson*, 2013 U.S. Dist. LEXIS 31292, at *14 (quoting *Kelley*, 635 F.3d at 299) (emphasis added).

In any judicial proceedings, a "certificate of a [copyright] registration [with the Register of Copyrights] made before or within five years after first publication of the work shall constitute *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). "The Register of Copyrights is authorized to specify by regulation the administrative classes into which works are to be placed for purposes of deposit and registration . . . ." 17 U.S.C. § 408(c)(1). "This administrative classification of works has no significance with respect to the subject matter of copyright or the exclusive rights provided by [the Copyright Act]." *Id.* § 408(c)(1). Nevertheless, "[f]or purposes of registration, the U.S. Copyright Office defines visual art works as (i) pictorial, graphic, and sculptural works, and (ii) architectural works." U.S. Copyright Office, Compendium of U.S. Copyright Office Practices § 903 (3d ed. 2021).

**B.     J&T Has Alleged a Viable Claim of Copyright Infringement**

"To prove copyright infringement, a plaintiff must establish (1) ownership of a valid copyright; (2) factual copying; and (3) substantial similarity." *Cat & Dogma, LLC v. Target Corp.*, No. 20-50674, 2021 WL 4726593, 2021 U.S. App. LEXIS 30282, at *3 (5th Cir. Oct. 8, 2021) (per curiam) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 549

(5th Cir. 2015)); *see also Adeyinka v. Demonsend*, No. H-18-2542, 2019 WL 1493879, 2019 U.S. Dist. LEXIS 58347, at **5–6 (S.D. Tex. Feb. 14, 2019) ("To establish a *prima facie* case of copyright infringement, a plaintiff must show: (1) that he owns a valid copyright in the work; and (2) that the defendant copied original elements of the work.") (citations omitted).

Regarding the first element, "[a] certificate of registration, if timely obtained, is *prima facie* evidence both that a copyright is valid and that the registrant owns the copyright." *Cat & Dogma, LLC*, 2021 U.S. App. LEXIS 30282, at **3–4 (quoting *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004) (per curiam)); *Adeyinka*, 2019 U.S. Dist. LEXIS 58347, at *6. While a defendant can challenge the registration, such challenge raises matters outside the pleadings; a plaintiff's allegation that she owns a valid copyright on the work at issue is sufficient to survive a Rule 12(b)(6) motion with respect to this element. *Cat & Dogma, LLC*, 2021 U.S. App. LEXIS 30282, at **4–5. Similarly, while a defendant can ultimately attempt to prove that he did not copy the work at issue or that the copy was not substantially similar to the original work, a plaintiff who alleges that her work was copied and that the copy is substantially similar pleads a viable claim for infringement. *Id.*, at **5–9.

J&T has alleged that its marketing flier—the Infringed Work—is registered under Registration No. TX 9-167-986. (Compl. [Dkt. # 1] ¶ 15.) This is *prima facie* evidence of J&T's valid copyright. *Cat & Dogma, LLC*, 2021 U.S. App. LEXIS 30282, at **4–5. Contrary to Defendants' claim, the work is not registered as "artwork." (*See* Mot. to Dismiss [Dkt. # 13] ¶ 1.) The Registration states only that J&T "created" "artwork" contained in the work.[2] (*Id.*, at Exh. A: Registration.) J&T has alleged that Defendants copied the Infringed Work "in its entirety, only

---

[2] "Artwork" is not a defined term under the Copyright Act but an administrative classification that the Register of Copyrights is authorized to employ but which has "no significance with respect to the subject matter of copyright or the exclusive rights provided by [the Copyright Act]." 17 U.S.C. § 408(c)(1).

9

replacing 'J&T' with 'T&C' and updating the contact information" and distributed it to the public. (*Id.* ¶¶ 11, 14.)  These allegations are sufficient to allege infringement under Section 106 of the Copyright Act.

Defendants' claim to the contrary is based on their misunderstanding of the Copyright Act.[3] Defendants' entire argument in favor of dismissal is that the Copyright Act provides protection only to a "work of visual art"—a defined term under the Act for works seeking protection under Section 106A—which excludes from its reach advertising materials and works for hire.  (*See* Mot. to Dismiss [Dkt. # 13], ¶¶ 7–11.)  Defendants misread the statute—and stunningly so given their extraordinarily narrow reading of the Act and, by extension, the Patent and Copyright Clause of the United States Constitution.  U.S CONST. art. 1, § 8(8) ("[Congress shall have the power t]o promote the progress of science and  useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries.").  The Copyright Act is not limited to "works of visual art"; only the "moral rights" granted by Section 106A are limited to such works.  *See Kelley*, 635 F.3d at 299.  Contrary to Defendants' contention, J&T does not "allege[] that the 'marketing flier' is a work of visual art" under 17 U.S.C. § 106A.  (*See* Mot. to Dismiss [Dkt. # 13], at 5 ¶ III(A)(14).)  J&T does not assert any "moral rights" claims under Section 106A of the Act.  (*See* Compl. [Dkt. # 1] ¶ 18.)

Copyright protection under 17 U.S.C. § 106 extends to any "original work[] of authorship," including "pictorial, graphic, and sculptural works" and "material contributed by the author" to "compilations and derivative works."  17 U.S.C. §§ 102, 103.  It extends to "works for hire."  *Id.* § 201(b).  J&T has alleged infringement of its original, registered work, made for hire by its

---

[3] Defendants similarly misread, or did not read at all, the Local Rules of the Southern District of Texas, which require that their motion be paginated and double-spaced, or the Court's procedures, which similarly set forth requirements for the form and content of motions.

10

employee, of a "pictorial" or "graphic" document for which J&T has the exclusive rights of copying and distribution. That is sufficient to plead a claim for copyright infringement under Sections 106 and 501. J&T does not assert any claim for breach of any "moral rights" in the Infringed Work under Section 106A of the Copyright Act. As Defendants' entire argument is premised on its misreading of the law and the application of the inapplicable Section 106A, their Motion to Dismiss should be denied.

C.  **J&T's Complaint Easily Exceeds the "Notice Pleading" Standards of Rule 8(a).**

After explaining at length—albeit incorrectly—the supposed defects in J&T's claim, Defendants change course and suggest that J&T's Complaint is so vague and ambiguous as to render Defendants entirely incapable of mustering a response to it at all. Once again, Defendants misstate the law.

*First*, having advanced a Rule 12(b)(6) motion, Defendants concede that they understand what is being pled, rendering a "more definite statement" unnecessary. *See, e.g.*, *DeWolff, Boberg & Assocs.*, 2022 U.S. Dist. LEXIS 177058, at *7. Further, as set forth above, J&T has pled a cognizable claim for copyright infringement. Having fulfilled its pleading requirements under Rule 8(a), repleading to provide a "more definite statement" is unwarranted. *See, e.g.*, *Philips N. Am. LLC*, 2022 U.S. Dist. LEXIS 133234, at *9.

*Second*, Defendants admit that the issues they claim to find so perplexing are readily susceptible to discovery. (*See* Mot. to Dismiss [Dkt. # 13], ¶ 3 (noting that "the discovery process" will "result in eventual elaboration of Plaintiff's Complaint"), ¶ 4 (conceding that "the discovery process could eventually result in . . . questions [about 'the timing and location of the alleged infringement']"; *see also* JD/CMP [Dkt. # 9], at 3 ¶ 9(A)(B) (identifying "the subjects on which discovery may be needed"). If Defendants are unclear as to what document is being referenced in

11

J&T's Complaint (notwithstanding their receipt of a pre-suit demand letter (Compl. [Dkt. # 1] ¶ 12) and J&T's Rule 26(a) initial disclosures (*see* JD/CMP [Dkt. # 9] ¶ 8)), they can ask for it in discovery. As Defendants are wholly in possession of details of their "timing or location" of infringement (Mot. to Dismiss [Dkt. # 13], ¶ 4), and can otherwise inquire about them in discovery, their demand that J&T's Complaint be amended to include those granular facts is unsupported by law.[4] *See, e.g.*, *In re Complaint of Magnolia Fleet, LLC*, 2022 U.S. Dist. LEXIS 133982, at \*\*5–6. Because "Rule 12(e) is not a substitute for discovery," an order that J&T replead its claim to provide answers to possible future discovery questions is unjustified. *See, e.g.*, *DeWolff, Boberg & Assocs.*, 2022 U.S. Dist. LEXIS 177058, at \*6.

*Third*, it is no answer that the Infringed Work might contain protectable and non-protectable elements.[5] (*See* Mot. to Dismiss [Dkt. # 13] ¶¶ 2, 12, 13.) J&T has alleged that it owns a registered copyright in the Infringed Work. (Compl. [Dkt. # 1], ¶ 15.) This "constitutes *prima facie* evidence of the validity of the copyright . . . ." 17 U.S.C. § 410(c). In rejecting a similar argument made by a copyright defendant seeking dismissal of an infringement claim, the Fifth Circuit explained: "Prior to issuing a certificate of copyright registration, the Register of

---

[4] Moreover, Defendants again misunderstand the law. Defendants suggest that a copyright cannot be infringed before it is registered. (*See* Mot. to Dismiss [Dkt. # 13] ¶ 27.) A copyright "subsists" and can be infringed from the moment of a work's "creation." 17 U.S.C. § 302(a). While "[a] valid copyright registration provides a copyright holder with important and sometimes necessary legal advantages," including entitling the copyright holder to statutory damages and attorneys' fees for infringement, an author's "'exclusive rights' . . . of reproduction, distribution, and display," are not dependent on registration. *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, __ U.S. __, 142 S. Ct. 941, 944–45 (2022); *Di Angelo Publs., Inc. v. Kelley*, 9 F.4th 256, 261 (5th Cir. 2021) (quoting *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, __ U.S. __, 139 S. Ct. 881, 887 (2019)).

[5] Defendants seemingly argue that the Infringed Work is a "compilation" or "derivative work" and suggest that those classifications somehow demand dismissal of J&T's claim. (*See* Mot. to Dismiss [Dkt. # 13], ¶¶ 12, 13.) Whether the Infringed Work is a "compilation" or "derivative work"—both of which are entitled to copyright protection—is inconsequential at this stage of the proceedings. 17 U.S.C. § 103. As set forth herein, any argument that J&T's registered copyright is invalid must be presented to the factfinder; J&T is not obligated to plead anything more than that it holds a copyright in the Infringed Work.

Copyrights determines whether the work 'constitutes copyrightable subject matter and that the other legal and formal requirements of [The Copyright Act] have been met.'" *Cat & Dogma*, 2021 U.S. App. LEXIS 30282, at *7 (citing 17 U.S.C. § 410(a)). "Therefore, in issuing [a Certificate of Registration in a work] the Register of Copyrights necessarily determined that [the work] possessed the requisite degree of originality to warrant copyright protection." *Id.* (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.,* 499 U.S. 340, 345 (1991)). Any questions about the validity of the copyright and whether the work qualifies for copyright protection is a matter for trial. *Id.*, at **7–9.

A sister court similarly rejected the arguments advanced by Defendants just three months ago. The defendants in *Kipp Flores Architects, LLC v. AMH Creekside Dev., LLC*, argued that the plaintiff's copyright infringement claims should be dismissed because the plaintiff "failed to identify the protectible elements of its copyrighted works or make a side-by-side comparison of the copyrighted work and the alleged infringing work to show substantial similarity." No. SA-21-CV-01158, 2022 WL 4352480, 2022 U.S. Dist. LEXIS 142279, at *15 (W.D. Tex. Aug. 9, 2022). Although decided in the context of a Rule 12(b)(6) motion and not a Rule 12(e) motion, the *Kipp Flores* court's conclusion that the plaintiff adequately pled its infringement claim applies on all fours to a motion for more definite statement. The court explained that the plaintiff was "not required to prove each element of its copyright claim in its Complaint; it need only provide enough factual allegations to draw the reasonable inference that the elements exist." *Id.*, at **15–16 (citing *Patrick v. Walmart, Inc.–Store No. 155*, 681 F.3d 614, 617 (5th Cir. 2012)). In alleging that the defendant "reproduced and distributed copies" of the plaintiff's work, the plaintiff "fulfilled its burden" at the pleading stage to give the defendant "notice of the claims against it." *Id.* The plaintiff was not required to plead in his complaint "the exact elements of his work that were

13

allegedly copied." *Id.*, at *16 (citing *Guzman v. Hacienda Recs. & Recording Studio, Inc.*, No. 6:12-CV-0042, 2013 WL 2189952, 2013 U.S. Dist. LEXIS 70859, at *3 (S.D. Tex. May 20, 2013)).

The same outcome is compelled here. Having pled all elements of a copyright infringement claim, nothing more is required of J&T. Indeed, Defendants clearly comprehend J&T's infringement claim: They have identified what they believe might be a valid defense—the validity of J&T's copyright—and have indicated that they are prepared to develop that defense in discovery. J&T's pleadings are not so "'"unintelligible that the court cannot 'make out one or more potentially viable legal theories,'" or "'so vague or ambiguous that [Defendants] cannot respond, even with a simple denial, in good faith or without prejudice to itself." *DeWolff, Boberg & Assocs.*, 2022 U.S. Dist. LEXIS 177058, at **5–6. Accordingly, Defendants' Rule 12(e) Motion for More Definite Statement must be denied.

## IV.     Conclusion

J&T has alleged all facts necessary to plead a claim for copyright infringement under 17 U.S.C. §§ 106 and 501; J&T asserts no claims under 17 U.S.C. § 106A. Because Defendants object only that J&T has not alleged a viable § 106A claim, they fail to establish entitlement to dismissal of J&T's Section 501 claim. Further, having made clear throughout their motion that they comprehend J&T's allegations (even if they do not understand the law), there is no basis to require J&T to replead to provide details of its claim that Defendants concede are susceptible to discovery. Defendants' Motion to Dismiss and Motion for More Definite Statement should be denied.

Respectfully submitted,

**LANG & ASSOCIATES, PLLC**

*/s/ Shannon A. Lang*
Shannon A. Lang
Texas Bar No. 24070103
Fed. ID No. 1103165
shannon.lang@shannonlanglaw.com
Jessica Hughes
Texas Bar No. 24076451
Fed ID No. 3315050
jessica.hughes@shannonlanglaw.com
1903 Vermont Street
Houston, Texas  77019
(832) 479-9400 tel.
(832) 479-9421 fax

***Attorneys for Plaintiff J&T Chiropractic, PLLC a/k/a J&T Chiropractic, LLC***